**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4681**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MICHAEL WAYNE CASTEEN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:05-cr-00029-F-2)

———————

Submitted: May 18, 2016          Decided: May 20, 2016

———————

Before SHEDD, DIAZ, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Casteen appeals the district court's order imposing a 60-month prison sentence upon revoking his supervised release. On appeal, he claims that his sentence to the statutory maximum is substantively plainly unreasonable because it was greater than necessary to satisfy the purposes of sentencing. We affirm.

We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise "plainly unreasonable." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.) (citing United States v. Crudup, 461 F.3d 433, 437 (4th Cir.2006)), cert. denied, __ U.S. __, 136 S.Ct. 494 (2015). Only if the revocation sentence is unreasonable must we assess whether it is plainly so. Id. (citing United States v. Moulden, 478 F.3d 652, 656 (4th Cir.2007)). "In determining whether a revocation sentence is unreasonable," we are informed by the same procedural and substantive considerations that guide our review of original sentences but "we strike a more deferential appellate posture." Id. (citations and internal quotation marks omitted).

A district court "retains broad discretion to ... impose a term of imprisonment up to the statutory maximum." Id. (citations and internal quotation marks omitted). In exercising such discretion, the district court "is guided by the Chapter

2

Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." United States v. Webb, 738 F.3d 638, 641 (4th Cir. 2013). "Chapter Seven instructs that, in fashioning a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" Id. (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012)).

"Although § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." Id. Moreover, "the factors listed in § 3553(a)(2)(A) are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." Id. (citations omitted). Thus, "although a district court may not impose a revocation sentence based predominately on the seriousness of the releasee's violation or the need for the sentence to promote respect for the law and provide just punishment . . . mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." Id. at 642 (citation

3

omitted); see USSG ch. 7, pt. A(3)(B) (punishing new criminal conduct is not "the primary goal of a revocation sentence," but the "nature of the conduct leading to the revocation [is] considered in measuring the extent of the breach of trust").

Here, the district court properly considered the Chapter 7 policy statements as well as the relevant § 3553(a) factors. The court also appropriately considered Casteen's admitted struggles with substance abuse. On these facts, we cannot say that the sentence imposed was substantively plainly unreasonable. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED